CORNELY *v.* MARCKWALD.

*(Circuit Court, S. D. New York.* June 26, 1883.)

1. PATENTS FOR INVENTIONS—PRIOR FOREIGN PATENT AS EVIDENCE—FOREIGN USE.

An inventor can obtain a patent in this country by proving that he is the original and first inventor in this country, and complying with the laws of this country in making his application for it; and foreign use would have no effect upon it at all, and a prior foreign patent would have no effect but to limit the term from the date.

2. SAME—ACTS OF 1836, 1839, AND 1861.

Under section 8 of the act of 1836, the inventor was not entitled to a patent here if the invention had been patented in a foreign county more than six months next preceding the filing of the application; but this restriction was removed by section 6 of the act of 1839, provided the invention should not have been introduced into public and common use in the United States prior to the application, and that the patent should be limited to 14 years from the date or publication of the foreign patent; and by section 7 the public use to defeat a

patent was required to extend to two years before the application; and finally, by section 16 of the act of 1861, the term was extended to 17 years, and extensions prohibited.

In Equity.

*Benjamin F. Lee,* for plaintiff.

*William A. Coursen,* for defendant.

WHEELER, J. This cause has now, after a decree for the orator establishing the validity of letters patent No. 83,910, dated November 10, 1868, issued to Antoine Bonnaz for an improvement in sewing-machines for embroidery, and pending the accounting, been heard on a motion of the defendant to reopen the case for further proofs. The grounds of the motion are that the invention was previously patented in France; that in litigation there between the orator, who now owns this patent, and the inventor, the patent there was adjudged invalid on allegations and evidence of the orator; and that the defendant desires an opportunity to put that judgment and the evidence of the orator there on which it was obtained in evidence here. This patent was granted under the acts of 1836, (5 St. at Large, 117;) 1839, (Id. 353;) and 1861, (12 St. at Large, 246.) The validity of the patent in this country does not at all depend upon the validity of the patent in France, although its duration may, which is not in question yet. Under section 8 of the act of 1836, the inventor was not entitled to a patent here if the invention had been patented in a foreign country more than six months next preceding the filing of the application. This restriction was removed by section 6 of the act of 1839, provided the invention should not have been introduced into public and common use in the United States prior to the application; and that the patent should be limited to 14 years from the date or publication of the foreign patent; and by section 7 of that act the public use to defeat a patent was required to extend two years before the application.

By section 16 of the act of 1861, the term 14 years was extended to 17 years, and extensions were prohibited. Under this provision patents for inventions patented abroad before were limited to 17 years from the date or publication of the foreign patent. *De Florez* v. *Raynolds,* 17 Blatchf. C. C. 436; [S. C. 8 FED. REP. 434.] The public use in France which might defeat the patent there would have no effect upon the validity of the patent here. The law here did not make the invention patentable here because it had been patented there, nor in any way found the patent here upon the patent there. The inventor could obtain a patent here by proving that he was the original and first inventor in this country, and complying with the laws of this country in making his application for it, and foreign use would have no effect upon it at all, and a prior foreign patent would have no effect but to limit the term from its date.

The evidence sought would be irrelevant to any issue in the case, and wholly unavailing. Motion denied.